MICHAEL J. HEYMAN
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

              Plaintiff,

    vs.

DAVID ANDRES MAYORAL,

              Defendant.

No. 4:25-cr-00006-001-RRB

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION** ................................................................................**60 YEARS**
**SUPERVISED RELEASE** ..................................................................................**LIFE**
**SPECIAL ASSESSMENT**.................................................................................**$100**
**CHILD PORNOGRAPHY VICTIM ASSISTANCE**...................................**$30,000**

The United States of America respectfully recommends that the Court impose a

sentence of 60 years for the defendant, David Andres Mayoral, followed by a life-time term

of supervised release. This sentence is the appropriate disposition of this case. This

sentence is sufficient but not greater than necessary to comply with the goals of sentencing.

## I.     INTRODUCTION

### a.  Case History

On September 11, 2024, Fort Eustis, Virginia CID received a National Center for Missing and Exploited Children (NCMEC) Cybertip that five images containing child sexual abuse material (CSAM) had been uploaded to Discord by "ghoulishclown." The internet provider (IP) address associated with the account belonged to Mayoral's parent. Mayoral was identified as owner of the account.

On October 28, 2024, Mayoral was interviewed by CID and admitted to possession of CSAM on Discord and X. Mayoral's devices were seized and searched. Mayoral also admitted to sexually abusing nine-year-old Minor Victim 4.

On November 1, 2024, Mayoral's phone was searched. Mayoral communicated with numerous adults and minors across several social media platforms. Some of these communications have been provided under seal to protect minor victim identities. The communications centered around distribution and receipt CSAM, rape, descriptions of sexual acts, violence, and other depraved behavior. The communication took place over ten days in August 2024.

Mayoral possessed approximately 2,510 images and 680 videos which contained CSAM, and an additional 1,000 computer generated/artificial intelligence images depicting CSAM were located on the laptop. According to NCMEC, 638 of the images and 180 of the videos contained known NCMEC series. 186 known NCMEC series were identified. Each video counts as 75 images, pursuant to USSG §2G2.2(comment note 6(B)(ii). The defendant is accountable for approximately 54,510 images.

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                   Page 2 of 9
Case 4:25-cr-00006-RRB-SAO     Document 45     Filed 03/30/26     Page 2 of 9

Mayoral plead guilty to three counts of Production of Child Pornography as it relates to Minor Victims 1-3, although it appears there are several additional victims that are unidentified and unaccounted for in the charged conduct.

**Procedural History**

On August 15, 2025, the defendant pled guilty to Counts 1-3 – Sexual Exploitation of a Child: Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e) with penalty provisions under 18 U.S.C. § 2251(e), and Court 4- Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) with penalty provisions under 18 U.S.C. § 2252A(b)(2). Mayoral also admitted the forfeiture allegation.

The defendant entered his plea without a plea agreement.

## II. SENTENCING GUIDELINES CALCULATION

### a. Statutory Maximum Sentence

The maximum and minimum sentence that may be imposed for Counts 1-3 – Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e) with penalty provisions under 18 U.S.C. § 2251(e):

1) 15 years up to 30 years imprisonment;

2) Supervised release of five years up to life;

3) A fine of up to $250,000;

4) $100.00 special assessment; and

5) A $50,000 Child Pornography Victim Assistance Act assessment.

The maximum and minimum sentence that may be imposed for Count 4 - Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) with

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                Page 3 of 9
Case 4:25-cr-00006-RRB-SAO      Document 45      Filed 03/30/26      Page 3 of 9

penalty provisions under 18 U.S.C. § 2252A(b)(2):

1) Maximum of 20 years imprisonment;

2) Five years to life supervised release;

3) A fine of up to $250,000;

4) $100.00 special assessment; and

5) A $50,000 Child Pornography Victim Assistance Act assessment.

**b. Sentencing Guidelines Calculation**

The United States agrees with the Probation Officer's calculations finding the total offense level to be 43, *see* PSR at 1, and the defendant's criminal history category to be I[1]. The resulting Sentencing Guidelines range is 360 months imprisonment. *Id* at 1. However, with a total offense level of 43 and criminal history category I, the guideline would be life but for the statutory max on each count being 360 months.

## III. GOVERNMENT'S RECOMMENDATION

The United States recommends a sentence of 360 months' incarceration on Counts 1 and 3 to run concurrently. The United States recommends a sentence of 360 months on Count 2 to run consecutively to Counts 1 and 3[2]. The United States recommends a sentence of 240 months on Count 4, to run concurrently to Counts 1 and 3. This would be a composite sentence of 720 months or 60 years. The United States requests a life-time term of supervised release to follow. This sentence is appropriate in light of the defendant's

---

[1] Defendant's actual total offense level is 50, but pursuant to Chapter 5, Part A, Comment. (n.2) was rounded down to 43. *See* PSR at 23.

[2] "Multiple consecutive sentences are appropriate in cases of multiple offenses." *United States vs Couch*, 15 F. App'x 66, 69 (4th Cir. 2001).

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                    Page 4 of 9
Case 4:25-cr-00006-RRB-SAO     Document 45     Filed 03/30/26     Page 4 of 9

history and characteristics and the nature and circumstances of his conduct. It is sufficient, but not greater than necessary, to deter the defendant and others from future criminal activity and to protect the public. Furthermore, this sentence does not result in an unwarranted sentencing disparity.

While the sentencing guidelines are typically viewed as non-binding and advisory in nature, Congress did expressly state that in offenses such as these, the court *shall* impose a sentence within the guideline range.[3]

### a. The Nature, Circumstances, and Seriousness of the Offense

> **"The measure of a man's real character is what he would do if he knew he would never be found out."**

-Thomas Macaulay

Mayoral represented himself as a normal, hardworking service member. He was well-liked, capable, and didn't cause problems. Behind closed doors Mayoral exploited the anonymity of the internet. He was a different person, engaging in acts that can only be described as evil.

The defendants conduct represents the darkest and most sister hellscapes of the

---

[3] 18 U.S.C. § 3553(b)(2)(A)- Sentencing.—In sentencing a defendant convicted of an offense under section 1201 involving a minor victim, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless—
(i)the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described;
(ii)the court finds that there exists a mitigating circumstance of a kind or to a degree, that—
(I)has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, taking account of any amendments to such sentencing guidelines or policy statements by Congress;
(II)has not been taken into consideration by the Sentencing Commission in formulating the guidelines; and
(III)should result in a sentence different from that described; or
(iii)the court finds, on motion of the Government, that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense and that this assistance established a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence lower than that described.

Case 4:25-cr-00006-RRB-SAO     Document 45     Filed 03/30/26     Page 5 of 9

internet. Over the course of several weeks the defendant sought and distributed CSAM, encouraged others to sexually assault minors for his viewing pleasure, threatened violence, encouraged self-mutilation, and boasted about his predilection for children. Mayoral brags about committing a hands-on offense with a vulnerable minor victim who is autistic. There can be no doubt this behavior did not suddenly manifest, and he likely has been engaging in this abhorrent behavior for some time.

Mayoral possessed several CSAM images depicting sadistic, violent rape of children. He sought locations of children. He talked with adults about how to find and groom children. He expressed a lack of concern about any consequences and brags about watching CSAM in public. The depravity of his behavior cannot be overstated. Mayoral is a danger to the community and his sentence must reflect the serious harm he has inflicted on his victims.

### b. The History and Characteristics of the Defendant

The defendant has no criminal history, nor does he have a history of substance abuse. He reports being the victim of sexual abuse as a child and being abused by people online. The defendant maintains familial support and lived at home until he joined the U.S. Army on February 17, 2024. He attended basic training at Fort Jackson and Advanced Individual Training at Fort Eustice, Virginia. He was stationed at Fort Wainwright when he was arrested for this offense.

### c. The Seriousness of the Offense and Just Punishment

This offense is extremely serious. During a short period of time Mayoral victimized multiple minors representing both charged and uncharged conduct. Mayoral solicited and

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB          Page 6 of 9
Case 4:25-cr-00006-RRB-SAO      Document 45      Filed 03/30/26      Page 6 of 9

shared images and videos of CSAM he obtained from victims and other adults. He encouraged self-mutilation and gave "advice" to others on how to abuse their family members. He attempted to obtain location information for victims so he could "kidnap" them. Mayoral expressed no concern about the consequences of getting caught. He knew what he was doing was wrong and continued anyway. The seriousness of the offense and the need for just punishment cannot be overstated.

The United States is recommending a sentence of 60 years because Mayoral has expressed a willingness to participate in sex offender treatment. The United States urges the Court to impose 60 years' incarceration for the defendant followed by a life-time term of supervised release. 60 years is sufficient to protect the public from the defendant, ensure he cannot reoffend for a significant period, provide opportunities for appropriate treatment while incarcerated, and ensure that upon release the public is protected. Because the offense is serious and his threat to public safety is significant, 60 years' incarceration is warranted.

### d. The Need for Adequate Deterrence and Protection of the Public

60 years' imprisonment followed by a lifetime term of supervised release is sufficient to protect the public. He knew his conduct was illegal and could face consequences yet continued. Over a couple of weeks, he amassed over 18 thousand pages of chats and victimized several children. He spent a significant amount of his time online engaging in this behavior even though he knew he was risking getting caught. It is unknown if even a significant sentence would deter him.

### e. The Need to Avoid Unwarranted Sentencing Disparities

During the last five fiscal years (FY2020-2024), there were 859 defendants whose

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                    Page 7 of 9
Case 4:25-cr-00006-RRB-SAO     Document 45     Filed 03/30/26     Page 7 of 9

primary guideline was §2G2.1, with a Final Offense Level of 43 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 859 defendants who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 345 months and the median length of imprisonment imposed was 360 months.

However, this data does not consider that Mayoral's actual offense level was 50 and had to be rounded down to 43. Nor does it differentiate how many victims the other defendants had.

The United States is recommending a sentence higher than the national average to account for Mayoral's higher total offense level, the number of victims including uncharged conduct, and his egregious violent behavior. A higher-than-average sentence is warranted given the nature and circumstances of this offense and related uncharged conduct.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the court impose a composite sentence of 720 months' incarceration, life-time supervised release, and $30,000.00 to Child Pornography Victim Assistance for the defendant, David Andres Mayoral. The United States submits that this sentence is appropriate given the defendant's conduct. This sentence is sufficient but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

//

//

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                    Page 8 of 9
Case 4:25-cr-00006-RRB-SAO     Document 45     Filed 03/30/26     Page 8 of 9

RESPECTFULLY SUBMITTED March 30, 2026 at Fairbanks, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Carly Vosacek*
CARLY VOSACEK
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Carly Vosacek*

*U.S. v. Mayoral*
4:25-cr-00006-001-RRB                Page 9 of 9
Case 4:25-cr-00006-RRB-SAO    Document 45    Filed 03/30/26    Page 9 of 9